| | |
|---|---|
| Joshua B. Swigart (SBN 225557) | Daniel G. Shay (SBN 250548) |
| Josh@SwigartLawGroup.com | DanielShay@TCPAFDCPA.com |
| **SWIGART LAW GROUP, APC** | **LAW OFFICE OF DANIEL G. SHAY** |
| 2221 Camino del Rio S, Ste 308 | 2221 Camino del Rio S, Ste 308 |
| San Diego, CA  92108 | San Diego, CA  92108 |
| P: 866-219-3343 | P: 619-222-7429 |

*Attorneys for Plaintiffs
and the Putative Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK BRUNS, DAVID KAUFFMAN and CHRISTOPHER JORGENS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TD AMERITRADE, INC.,<br><br>Defendant. | CASE NO. '22CV1369 L    JLB<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:<br><br>THE CALIFORNIA INVASION OF PRIVACY ACT, CAL. PEN. CODE 637.3 ET SEQ.<br><br>JURY TRIAL DEMANDED |

1

Class Action Complaint

# INTRODUCTION

1. Plaintiffs Derek Bruns, David Kauffman and Christopher Jorgens ("Plaintiffs"), on behalf of Plaintiffs and a Class of similarly situated individuals defined below, bring this Class Action Complaint and Demand for Jury Trial against Defendant TD Ameritrade, Inc. ("Defendant") to put an end to its unlawful use, examination, and recording of Plaintiffs' and putative Class members' biometric voice prints. Plaintiffs, for this Class Action Complaint, allege as follows upon personal knowledge as to Plaintiffs' own acts and experiences and, as to all other matters, upon information and belief.

# NATURE OF THE ACTION

2. Defendant utilizes a system that enables it to examine the voice of anyone that calls it to determine the truth or falsity of the callers' statements. The software combines audio, voice, and artificial intelligence technologies to compare the callers' voices to a comprehensive database of recordings and metrics.

3. The system Defendant uses allows it to authenticate or refute the true identity of callers, among other things. The system contains voice recognition software that creates a biometric voice print of each caller. The system then allows Defendant to analyze the callers' voice prints to determine the truth or falsity of their statements.

4. Defendant does this for anyone that calls it, including Plaintiffs and Class members.

5. In addition to the behind-the-scenes voice examinations that Defendant performed on Plaintiffs and class members, Defendant published that it has a "Voice Print System" which it says; "is a secure and convenient way to confirm the identity of clients who call us. When clients call us and use Voice Print System, instead of

being asked questions for verification by a representative, their voices act as their means of instant access."[1]

6. Defendant goes on to say; "Our Voice Print System uses leading-edge biometric voice verification technology. Biometrics is the use of a person's unique physical characteristics or traits to identify them. Some biometrics use finger printing, iris scanning and even facial features. The Voice Print System uses biometrics to assign a mathematical model to a person's voice – in essence, a "print" of their voice."[2]

7. While Defendant claims that consumers must enroll into its Voice Print System, Plaintiffs allege that Defendant performs the same or similar voice examinations on anyone that calls it.

8. Plaintiffs allege that Defendant was secretly using voice print technology for years prior to publishing its existence and seeking enrollment.

9. Defendant does not obtain "express written consent" from any callers before examining and analyzing their voices.

10. Even those that enroll into its Voice Print System do it verbally over the phone[3], which does not satisfy the CIPA requirement of express written consent.

11. Recognizing the need to protect its residents from situations like these, California enacted the California Invasion of Privacy Act ("CIPA"), and specifically Cal. Pen. Code § 637.3, to regulate entities that examine or record California residents' voice prints or voice stress patterns without obtaining the residents' express written consent first.

12. Despite this law, Defendant disregards California residents' statutorily protected privacy rights and unlawfully examines or records their voices in violation of

---

[1] https://www.td.com/ca/products-services/investing/td-direct-investing/trading-platforms/voice-print-system-privacy-policy.jsp
[2] https://www.td.com/ca/products-services/investing/td-direct-investing/trading-platforms/voice-print-system-privacy-policy.jsp
[3] https://www.td.com/ca/products-services/investing/td-direct-investing/trading-platforms/voice-print-system-enroll.jsp

3

Class Action Complaint

CIPA. Specifically, Defendant has violated (and continues to violate) CIPA because it uses a system which examines or records California residents' "voice prints or voice stress patterns… to determine the truth or falsity of statements" without their express written consent.

## PARTIES

13. Plaintiffs are natural persons and residents of the State of California.

14. Defendant is a corporation with its principal place of business located outside of California.

## JURISDICTION AND VENUE

15. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

16. This court has personal jurisdiction over Defendant because Defendant conducts business in this State and within this judicial district and the conduct alleged in this Complaint occurred in, and/or emanated from, this State and within this judicial district. Additionally, Plaintiffs reside in this judicial district.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

## BACKGROUND

**I.     The California Invasion of Privacy Act**

18. The California Legislature enacted the Invasion of Privacy Act to protect certain privacy rights of California residents. The legislature expressly recognized that devices and techniques which create a serious threat to privacy and the free exercise of personal liberties cannot be tolerated in a free and civilized society.

19. As part of the Invasion of Privacy Act, the California Legislature introduced Penal Code § 637.3. The purpose of the legislation was to prohibit any person or entity from using;

> "any system which examines or records in any manner voice prints or other voice stress patterns of another person to determine the truth or falsity of statements made by such person without his or her express written consent given in advance of the examination or recordation." Cal. Pen Code § 637.3

20. Creating a voice print requires extracting an individual's phonetic features (including their unique speech patterns, tones, and other characteristics) from their voice. As such, a voice print serves as an audible "fingerprint" which can directly identify an individual and can even reveal the speaker's behavioral traits.

21. The California Legislature intended to protect individuals from the unauthorized examination and recording of their voice prints, especially when it takes place without an individual's knowledge or consent. Such surreptitious examination poses a serious threat to California residents' privacy and personal liberties.

22. Individuals may bring an action against the violator of this section of CIPA to recover actual damages or $1,000 for each violation, whichever is greater under Cal. Penal Code §637.3(c).

## II.   Defendant Violated the California Invasion of Privacy Act

23. No later than 2019, Defendant applied artificial intelligence to analyze call center conversations. Defendant converts speech into text then a Natural Language Processing model reads through the transcripts, identifies topics mentioned on the call, and analyzes it. The model's analysis is then linked to the customer's file with the company.[4]

24. Plaintiffs allege that Defendant actually began using similar voice technology around 2017 when its affiliate TD Bank integrated a system called TD VoicePrint into its call centers. When customers call, the system verifies their identify by using the sound of their voice. TD VoicePrint uses over 150 different

---

[4] https://www.forbes.com/sites/tomdavenport/2019/07/16/how-td-ameritrade-uses-ai-to-hear-the-voice-of-the-customer/?sh=81573e36349e

5

Class Action Complaint

characteristics that make up one's voice and transcribes them in real time into a unique algorithm that cannot be replicated.[5]

25. Defendant's affiliate TD Bank states; "TD VoicePrint is a voice recognition security technology we can use to verify your identity whenever you call us. Your voiceprint, like your fingerprint, is unique to you."[6]

26. Plaintiffs allege Defendant uses, and has been using, the same or similar system as its affiliate TD Bank since at least 2017.

27. Defendant recognizes consumers' identities by (1) making a recording of the initial call with the consumer (2) examining that recording to identify specific stress patterns and other characteristics to create a "voice print" which is entered into a database then (3) examining all subsequent calls from that consumer and comparing the voice prints to those already on file for that consumer.

28. Defendant determines the truth or falsity of caller statements (even for first-time callers) by examining patterns. There are known audible indications of lying such as (1) change in breathing (2) repeating words or phrases (3) difficulty speaking[7] (4) change in speech patterns (5) unusual rise or fall in vocal tone[8] (6) odd inflection (7) context of use of contractions (8) lack of use of personal pronouns[9] (9) using a high-pitched voice (10) sudden change of volume (11) using phrases such as 'I want to be honest with you,' 'honestly' or 'let me tell you the truth' (12) using words such as 'uh,' 'like' and 'um' and (13) slip-ups and corrections[10] that can indicate a caller is not being truthful.

///

///

---

[5] https://www.thedrum.com/creative-works/project/tbwachiatday-new-york-td-bank-td-voice-print-experiment
[6] https://tdbank.intelliresponse.com/index.jsp?requestType=NormalRequest&question=What+is+TD+VoicePrint+and+how+do+I+enroll
[7] https://www.businessinsider.com/11-signs-someone-is-lying-2014-4
[8] https://www.forensicscolleges.com/blog/resources/10-signs-someone-is-lying
[9] https://www.cnbc.com/2022/04/07/want-to-tell-if-someone-is-lying-to-you-a-body-language-expert-shares-the-biggest-signs-to-look-for.html
[10] https://time.com/5443204/signs-lying-body-language-experts/

29. Defendant's system uses the full audio of a call to determine its characteristics, meaning Defendant analyzes unique acoustic and behavioral features of a caller's voice, including stress patterns to determine truth or falsity of statements.
30. The system Defendant uses is very similar to a Polygraph Test. Such a system is exactly what the California Legislature chose to regulate when it made it unlawful to use without express written consent.
31. Defendant did not obtain prior express written consent from Plaintiffs or Class members to examine their voices or record their unique voice prints to determine the truth or falsity of their statements in violation of Cal. Penal Code §637.3.

## FACTS SPECIFIC TO PLAINTIFFS

32. Over the last few years, Plaintiffs have called Defendant on numerous occasions.
33. Starting with the first call, Defendant began examining and analyzing Plaintiffs' voices attempting to ascertain the truthfulness of Plaintiffs' statements.
34. Defendant recorded Plaintiffs' voices and created "voice prints" associated with Plaintiffs.
35. Defendant then automatically input Plaintiffs' voice prints into its biometric voice print database.
36. When Plaintiffs subsequently called Defendant, Defendant utilized a system that examined Plaintiffs' voices again and compared it to the voice prints it stored in its database from previous calls. Defendant did this to determine the truth or falsity of Plaintiffs' statements, including to determine the true identity of Plaintiffs.
37. Plaintiffs have called Defendant on numerous occasions since Defendant began utilizing its voice analysis system. During at least one of these calls, Defendant examined and recorded Plaintiffs' voice print and voice stress pattern passively, without Plaintiffs' knowledge.

///

///

///

38. Plaintiffs did not give consent – written or otherwise – to Defendant to collect voice prints and examine Plaintiffs' voice for any purpose whatsoever.

39. Any applicable statute(s) of limitations has been tolled by the "delayed discovery" rule. Plaintiffs did not know (and had no way of knowing) that Plaintiffs' voices were recorded for purposes of creating voice prints, or that Plaintiffs' voice stress patterns were examined, because Defendant kept this information secret.

40. Plaintiffs have been exposed to the risks and harmful conditions created by Defendant's violations of CIPA alleged herein.

41. Plaintiffs seek statutory damages under CIPA as compensation for the injuries Defendant caused.

## STANDING

42. Defendant's conduct constituted invasions of privacy because it disregarded Plaintiffs' statutorily protected rights to privacy, in violation of CIPA.

43. Defendant caused Plaintiffs to (1) suffer invasions of legally protected interests. (2) The invasions were concrete because the injuries actually existed for Plaintiffs and continue to exist every time Plaintiffs call Defendant. The privacy invasions suffered by Plaintiffs and the Class were real and not abstract. Plaintiffs and the Class have a statutory right to be free from voice examination without first providing their express written consent. The voice examinations Defendant performed were meant to determine truth or falsity of statements, similar to a Polygraph Test. Plaintiffs and Class members were completely unaware they were being subject to such a test. Plaintiffs' injuries were not divorced from concrete harm in that privacy has long been protected in the form of trespassing laws and the Fourth Amendment of the U.S. Constitution for example. Like here, an unreasonable search may not cause actual physical injury, but is considered serious harm, nonetheless. (3) The injuries here were particularized because they affected Plaintiffs in personal and individual ways. The injuries were individualized rather than collective since Plaintiffs' unique voice patterns were examined without

consent during different calls on separate occasions. (4) Defendant's past invasions were actual and future invasions are imminent and will occur next time Plaintiffs call Defendant. Defendant continues to examine voices in California without express written consent. A favorable decision by this court would redress the injuries of Plaintiffs and the Class.

## CLASS ACTION ALLEGATIONS

44. **Class Definition**: Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23 and on behalf of Plaintiffs and a Class defined as follows:

> All residents of the State of California that had their voice prints or other voice stress patterns examined or recorded by Defendant to determine the truth or falsity of their statements.

45. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

46. **Ascertainability and Numerosity**: The exact number of Class members is unknown to Plaintiffs at this time, but Defendant is a very large entity with millions of customers in the United States and California. Members of the Class will be easily identified through Defendant's records.

47. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether Defendant used a system which examined, or recorded Plaintiffs' and the Class's voice prints or voice stress patterns;

   b. Whether Defendant used voice prints or voice stress patterns to determine the truth or falsity of statements made by Plaintiffs and the Class; and

   c. Whether Defendant obtained prior express written consent from Plaintiffs and the Class members.

48. **Typicality**: Plaintiffs' claims are typical of the claims of all the other members of the Class. Plaintiffs and the Class members sustained substantially similar injuries as a result of Defendant's uniform wrongful conduct, based upon the same interactions with Defendant that were made without exception as to Plaintiffs and the Class.

49. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interest adverse to the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiffs nor Plaintiffs' counsel have any interest contrary to those interests of the of the Class.

50. **Superiority**: This case is appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damage suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action because

individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION

## Violation of Cal. Penal Code § 637.3

## (On Behalf of Plaintiffs and the Class)

51. Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

52. CIPA prohibits any person or entity from using "any system which examines or records in any manner voice prints or other voice stress patterns of another person to determine the truth or falsity of statements made by such person without his or her express written consent given in advance of the examination or recordation." Cal. Penal Code § 637.3(a).

53. Defendant is a corporation and therefore an "entity" under CIPA. *Id*.

54. Defendant utilizes software that creates a "system" under CIPA because it examines, or records Plaintiffs' and the Class's voice prints or other voice stress patterns.

55. Defendant utilized the system to examine or record the voice prints of Plaintiffs and the Class when they called Defendant's customer support lines that were connected to the voice printing and analysis system.

56. Defendant examined or recorded Plaintiffs' and Class members' voice prints to determine the truth or falsity of their statements – including, for example, their statements about who they claimed to be.

///

///

///

57. Defendant did not obtain prior express written consent from Plaintiffs and the Class to use, examine, or record their voice prints or voice stress patterns for any purpose whatsoever.

58. On behalf of Plaintiffs and the Class, Plaintiffs seek: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with CIPA's requirements for the use, recording, and examination of voice prints or other voice stress patterns as described herein; and (2) damages of $1,000 for each violation of CIPA pursuant to Cal. Penal Code § 637.3(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of Plaintiffs and the Class, respectfully requests this Court to enter an order:

   A. Certifying this case as a class action on behalf of the Class defined above pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiffs as the representatives of the Class, and appointing Plaintiffs' counsel as Class Counsel;

   B. Declaring that Defendant's actions, as described above, violated CIPA;

   C. Awarding statutory damages of $1,000 for each violation of CIPA pursuant to Cal. Penal Code § 637.3(c);

   D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class;

   E. Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

   F. Awarding Plaintiffs and the Class pre- and post-judgement interest, to the extent allowable; and

   G. Awarding such other and further relief as equity and justice may require.

///
///

**JURY TRIAL**

Pursuant to the Seventh Amendment of the United States Constitution, Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted,

**SWIGART LAW GROUP**

Date: September 11, 2022

By: *s/ Joshua Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
Attorney for Plaintiffs

Class Action Complaint