UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK BRUNS, DAVID KAUFFMAN and CHRISTOPHER JORGENS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TD AMERITRADE, INC.,<br><br>Defendant. | Case No.: 22cv1369-L-JLB<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND TO ALLEGE SUBJECT MATTER JURISDICTION** |

    In this action for violations of the California Invasion of Privacy Act, Plaintiffs allege federal jurisdiction based on diversity of citizenship under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d).  (Compl. at 4.)  Because the complaint does not sufficiently allege the parties' citizenship, the action is dismissed with leave to amend.

    Unlike state courts,

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

"A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal citations and quotation marks omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010). Plaintiffs assert jurisdiction under CAFA, which "gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citing § 1332(d)(2), (5)(B)). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir.1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

The complaint names Derek Bruns, David Kauffman, and Christopher Jorgens, as Plaintiffs individually and on behalf of others similarly situated, and TD Ameritrade, Inc., as Defendant. For diversity purposes, natural persons like Plaintiffs are citizens of the state where they are domiciled. *Kanter*, 265 F.3d at 857. Plaintiffs allege that they are residents of the State of California. (Compl. at 4.) Additionally, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). This corporate dual citizenship rule applies to CAFA actions. *See Johnson v.*

|    |    |
|---|---|
| 1  | *Advance Am.*, 549 F.3d 932, 936 (4th Cir. 2008).  Plaintiffs allege that "Defendant is a |
| 2  | corporation with it principal place of business located outside of California."  (Compl. at |
| 3  | 4.)  Without more, this is insufficient to establish that the parties meet all the |
| 4  | requirements of diversity jurisdiction. |
| 5  |       Because Plaintiffs do not allege the facts necessary to establish diversity |
| 6  | jurisdiction, the complaint is dismissed for lack of subject matter jurisdiction.  Plaintiffs |
| 7  | are granted leave to file an amended complaint to supplement the jurisdictional |
| 8  | allegations.  *See* 28 U.S.C. §1653.  If Plaintiffs choose to file an amended complaint, |
| 9  | they must do so no later than **October 4, 2022**. |
| 10 |       **IT IS SO ORDERED.** |
| 11 |    |
| 12 | Dated:  September 13, 2022 |
| 13 |    |
| 14 | Hon. M. James Lorenz |
|    | United States District Judge |